**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| OLIVER W. HACKNEY, | ) | CASE NO. 1:18CV1397 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Comm'r of Soc. Sec.,* | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

On June 20, 2018, Plaintiff filed his *pro se* Complaint pursuant to Title 42 U.S.C. § 405(g). (Doc. #1). The Court referred this matter to Magistrate Judge David A. Ruiz pursuant to Local Rule 72.2. On September 24, 2018, Defendant filed a Motion to Dismiss arguing that this Court lacks subject matter jurisdiction because Plaintiff has not obtained a final decision from which to appeal. (Doc. #8).

On January 25, 2019, the Magistrate Judge recommended granting Defendant's Motion to Dismiss for lack of subject matter jurisdiction. (Doc. #10). On or about February 6, 2019, Plaintiff mailed a letter to the Court that did not address the subject matter jurisdiction rationale in the Magistrate Judge's Recommendation. (Doc. #11). Rather, Plaintiff concluded that, after

-1-

twenty-eights years of employment, it must be error for Plaintiff to not receive social security.

The burden rests upon Plaintiff at all times to affirmatively establish that this Court possesses subject matter jurisdiction over the case or controversy. *See e.g.*, *Thomson v. Gaiskill*, 315 U.S. 442, 446 (1942). Section 405(g) governs a district court's jurisdiction in a social security appeal. 42 U.S.C. § 405(g).

The Sixth Circuit in *Willis v. Sullivan* laid out the conditions that a plaintiff must satisfy in order to obtain judicial review under § 405(g):

> (1) a final decision of the Secretary after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the Secretary may permit; [and] (3) filing of the action in the appropriate district court.

931 F.2d 390, 396 (6th Cir. 1991) (citing 42 U.S.C. § 405(g)).

The requirement of a final decision is not waivable because it is "central to the requisite grant of subject-matter jurisdiction." *Id.* (quoting *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). Finality requires two elements. First, a claim for benefits must be presented to the Secretary. *Id.* Second, the decision must be final in that the claimant has exhausted the administrative remedies prescribed by the Secretary. *Id.*

Here, Plaintiff has not exhausted his administrative remedies and thus has not obtained a "final decision" under § 405(g). Plaintiff applied for Supplemental Security Income ("SSI") on May 14, 2013. On May 21, 2013, the Commissioner denied his application. Plaintiff should have requested a *de novo* reconsideration of the initial determination. *See Willis*, 931 F.2d at 397. There is no indication that Plaintiff pursued reconsideration. Instead, Plaintiff waited more than five years and filed this civil action on June 20, 2018. As such, he did not exhaust his administrative remedies and obtain a final decision.

Since Plaintiff has not obtained a final decision, the Court lacks subject matter jurisdiction under § 405(g). Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** Defendant's Motion to Dismiss (Doc. #8).

**IT IS SO ORDERED.**

 **s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 7, 2019**